# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALONZO BULLMAN;

    Plaintiff,

v.

CITY OF DETROIT; a political subdivision of the State of Michigan; MATTHEW BRAY (Badge 2545), Individually and in his Official Capacity as Detroit Police Officer; JOHN DOE, Individually and in his official capacity as Detroit Police Officer; Jointly and Severally,

    Defendants.

Case No.

Hon.

_____/

**EXCOLO LAW, PLLC**
SOLOMON M. RADNER (P73653)
Attorneys for Plaintiff
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712
sradner@excololaw.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Alonzo Bullman ("Mr. Bullman"), by and through his attorneys, Solomon M. Radner and Ari Kresch of EXCOLO LAW, PLLC states the following for his Complaint against Defendant City of Detroit,

1

("Defendant City of Detroit") and the Individual Defendant herein namely Matthew Bray ("Officer Bray"), and John Doe ("Officer John Doe") (hereinafter collectively referred as "Defendants").

1. This is a civil action arising under 42 U.S.C. § 1983 and Michigan law for recovery for deprivations of Plaintiff's rights.

2. Plaintiff sues the individual Defendants in their individual capacities as well as in their official capacities as Detroit police officers.

## JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1343(3) and (4), and 28 U.S.C. §1367(a).

## VENUE

4. Venue is proper under 28 U.S.C. § 1391(b) as Mr. Bullman and Defendants are residents of Wayne County, Michigan and the illegal and unconstitutional acts alleged to have been committed by Defendants occurred wholly within Wayne County, Michigan.

5. At all times relevant herein, Plaintiff Mr. Bullman resided in and was a citizen of the city of Gibraltar, Wayne County, Michigan.

6. Defendant City of Detroit is a political subdivision of the State of Michigan acting under the color of State law, and is a person for the purposes of a 42 U.S.C. § 1983 action.

7. Defendant Officer Bray was at all relevant times a police officer employed by the City of Detroit. Officer Bray is being sued in his individual and official capacity.

8. Defendant John Doe was at all relevant times a police officer employed by the City of Detroit. John Doe is being sued in his individual as well as in his official capacity as Detroit Police Officer.

## COLOR OF STATE LAW

9. At all times relevant herein, Defendants Officer Bray, and Officer John Doe, were acting under the color of state law.

10. Particularly, Officer Bray and Officer John Doe acted under the color of law, statutes, ordinances, regulations, policies, customs and usages of the State of Michigan, and its political subdivisions.

## FACTUAL BACKGROUND

1. On January 27, 2016 at approximately 1:40 pm, Plaintiff Mr. Bullman was driving toward the home of his friend Joel Castro ("Joel") to pick up his cousin Chris Bullman ("Chris") and together, Mr. Bullman and Chris intended to go pick up their young nephew from school.

2. When Mr. Bullman first arrived at Joel's home, he observed several police officers outside of Joel's home wearing what appeared to be SWAT gear, including full face masks and some of whom had their guns in-hand.

3. Mr. Bullman was confused and concerned by the sight of these officers' presence so he decided to circle the block a few times and call Chris' brother to attempt to find out why there were police officer's at Joel's house.

4. Mr. Bullman circled the block around Joel's house twice, then on third time, when Mr. Bullman was in front of Joel Castro's house, he was stopped by one of the police officers, now known to be Defendant Officer Bray.

5. Officer Bray shouted "Hang up the phone now! Get the fuck out the car!"

6. Officer Bray claimed that he could smell marijuana in Bullman's car.

7. Upon information and belief, Mr. Bullman understands that, before stopping him, Officer Bray and his fellow police officers including John Doe, had just chopped down 26 large marijuana plants inside Joel Castro's home and carried them outside to the very area where he was being stopped. Thus, if Officer Bray indeed smelled marijuana, the smell likely came from himself, his clothing or the air outside Joel's home where the marijuana plants were destroyed.

8. Officer Bray then ordered Mr. Bullman to get out of his car, and when Mr. Bullman stepped out of his car, Officer Bray patted him down, searched his pockets and then put him in handcuffs.

9. Thereafter, Officer Bray had another officer, Officer John Doe, search Bullman's car.

10. Ultimately, Defendants found nothing illegal in the car or on Mr. Bullman's person.

11. Thereafter, Officer Bray began questioning Mr. Bullman about his presence near Joel's house.

12. Officer Bray said, "You're not under arrest, I am detaining you . . . why do you keep circling the block?"

13. Mr. Bullman replied explaining "I saw the cops and was curious. I'm just driving around."

14. Officer Bray was not convinced and yelled, "Stop lying! Tell me what you're doing circling the block."

15. To that Mr. Bullman replied, "I don't have to tell you anything."

16. Officer Bray became agitated, and asked Mr. Bullman to give his name and ID. Officer Bray had another officer, Officer John Doe, run Mr. Bullman's name through LEIN.

17. After a short period of time, Officer Bray said, "Oh, that's your brother in there?"

18. Mr. Bullman replied in the negative, as Chris is his cousin, not his brother.

19. When Bullman replied in the negative, Officer Bray said, "Oh, you're gonna be a smart ass, huh?!" Bullman replied to this by saying "No, I'm just not

talking to you. You have no right to do this."

20. Officer Bray became aggressive in his words, and yelled, "Shut the fuck up before I take you in the house and fuck you up!" and continued "I'm gonna give you a Detroit ass-whooping!"

21. Officer Bray and Mr. Bullman went back and forth on the issue of whether Mr. Bullman had to speak to Officer Bray. When Mr. Bullman continued to insist that he had a right to not speak to Officer Bray, Officer Bray threatened to call Mr. Bullman's probation officer and tell his probation officer that he had violated probation.

22. Mr. Bullman concedes that at the time, he was on probation for having a house party, where alcohol was provided to minors. Mr. Bullman plead under Michigan's HYTA statute.

23. After finding that there was absolutely no cause to charge Mr. Bullman with a crime, Officer Bray begrudgingly released Mr. Bullman from his handcuffs and ordered him to leave and to not return.

24. Since the incident, Mr. Bullman has come to understand that on January 27, 2016 Joel Castro's house was raided by Detroit Police Crew Code 2968.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND**
**THE FOURTH AND FOURTEENTH AMENDMENTS FOR**
**COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND**
**ATTORNEY'S FEES**
**(AGAINST OFFICER BRAY AND OFFICER JOHN DOE)**

25. Plaintiff re-alleges all prior allegations and incorporates them here by reference as if fully stated herein.

26. The Fourth Amendment protects against unreasonable searches and seizures and the Fourteenth Amendment forbids the denial of life, liberty or property without due process of the law.

27. "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness . . . .'" Brigham City, Utah v. Stuart, 547 U.S. 398, 403 (2006).

28. "An action is "reasonable" under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action.'" Brigham City, Utah v. Stuart, 547 U.S. 398, 404 (2006) (quoted Scott v. United States, 436 U.S. 128, 138 (1978)).

29. "The reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." Grady v. N. Carolina, 135 S. Ct. 1368, 1371, 191 L.Ed.2d 459 (2015).

30. A stop and frisk is a search within the meaning of the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 16 (1968). Therefore, a state officer conducting such a stop and frisk must have a reasonable belief that the suspected citizen was or is currently engaged in criminal activity or intends to commit a crime.

31. Defendants had no such reasonable belief with regards to Mr.

7

Bullman because Mr. Bullman did not display any disruptive or threatening conduct, shouting, or anything that posed a risk of public disturbance. Moreover, there was no reasonable cause to believe that he was engaged in criminal activity either.

32. Officer Bray and Officer John Doe by their conduct, as described above, and acting under the color of state law sought to search and handcuff Mr. Bullman without any reasonable cause because of his mere presence in the locality.

33. After Defendants conducted a pat down search of Mr. Bullman, there was no reason for Officer Bray or Officer John Doe to believe that Mr. Bullman engaged in any criminal activity, warranting a subsequent warrantless search of his car.

34. Officer Bray claimed that Mr. Bullman's car smelled of marijuana, when the marijuana smell could have come from him, his own clothes or the very air around the home of Joel Castro in which 26 large marijuana plants were just destroyed. Officer Bray and Officer John Doe, along with Defendant City of Detroit violated 42 U.S.C. § 1983 and Plaintiff's Fourth Amendment rights when they conducted a warrantless search of Plaintiff without a reasonable cause.

35. As a direct and proximate result of unlawful actions of Officer Bray and Officer John Doe, Plaintiff has suffered, and will continue to suffer, damages including physical, mental and emotional injury and pain, mental anguish,

suffering, humiliation and embarrassment.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST DEFENDANT CITY OF DETROIT
## FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND ATTORNEY'S FEES

36. Plaintiff re-alleges all prior allegations and incorporates them here by reference as if fully stated herein.

37. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

38. Defendant City of Detroit directly caused the constitutional violations suffered by Mr. Bullman, and is liable for the damages caused as a result of the conduct of Officer Bray and Officer John Doe. The conduct of the defendant officers was a direct consequence of the policies and practices of Defendant City of Detroit.

39. At all times relevant in this complaint, Defendant City of Detroit, acting through Detroit Police Crew Code 2968, which included Officers Bray and John Doe, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants,

40. At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or

9

customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City of Detroit, including the failure: (a) to adequately supervise and train its officers and agents, including Officer Bray and Officer John Doe, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Officer Bray and Officer John Doe; and (c) to adequately and properly investigate citizen complaints of police misconduct and instead, acts of misconduct were tolerated by the Defendant City of Detroit.

41. Upon information and belief, Defendant City of Detroit has, acting through Crew Code 2968, which included Officers Bray and John Doe, developed, implemented, enforced, encouraged, and sanctioned a defacto policy, practice, and/or custom of unlawfully interfering with and/or searching without reasonable suspicion.

42. At all relevant times, Defendants unlawful actions were done willfully, knowingly and with the specific intent to deprive Bullman of his constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

43. Defendants have acted with deliberate indifference to the constitutional rights of Bullman. As a direct and proximate result of the acts as stated herein by each of the Defendants, Bullman's constitutional rights have been

violated.

44. As a proximate result of Defendants illegal and unconstitutional acts, Bullman suffered physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## COUNT III
## *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF DETROIT

45. Plaintiff re-alleges his prior allegations and incorporates them by reference.

46. Defendant City of Detroit is liable under a theory of *respondeat superior*.

47. At all relevant times, the conduct of Officer Bray and Officer John Doe occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as Detroit Police Officers and while they were acting as agents and employees of the Defendant City of Detroit.

48. Bullman is entitled to a judgment for damages, exemplary damages, reasonable attorneys' fees and costs and any other relief that the Court deems just and equitable.

## COUNT IV
## VIOLATION OF MI CONST Art. 1, § 11

49. Plaintiff re-alleges his prior allegations and incorporates them by reference.

50. Michigan Constitution too protects a person from unreasonable searches. MI CONST Art. 1, § 11.

51. Bullman did not display any disruptive or threatening conduct that caused a public disturbance, nor did Plaintiff engage in any actions indicating that he was, had been, or would be engaged in criminal activity. Thus, Defendants had no reasonable suspicion to believe that he was engaged or aiding in any criminal activity.

52. Subsequently, the warrantless search conducted of Bullman's car by Officer Bray and Officer John Doe was done without reasonable suspicion and violated CONST Art. 1, § 11 of the Michigan Constitution.

53. When Officer Bray and Officer John Doe conducted a search without warrant without reasonable suspicion, or exigent circumstances, such search was unreasonable and violated MI CONST Art. 1, § 11.

WHEREFORE, Plaintiff respectfully prays of this Honorable Court that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

a) A declaration that Defendants' conduct violated Fourth Amendment to the U.S. Constitution and Plaintiff Bullman's rights under the Michigan State Constitution in the manner alleged herein, upon consideration of the evidence adduced at trial or otherwise;

b) Award Plaintiff Bullman compensatory damages against Defendants, including, but not limited to any emotional distress, and any other compensatory damages permitted by law and according to proof at trial;

c) Award Plaintiff Bullman punitive damages;

d) Award attorneys' fees pursuant to 42 U.S.C. § 1988;

e) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and

f) Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

> Respectfully submitted.
>
> EXCOLO LAW, PLLC
>
> By: */s/ Solomon M. Radner*
> Solomon Radner (P73653)
> Attorneys for Plaintiff
> 26700 Lahser Road, Suite 401
> Southfield, MI 48033
> (248) 291-9712
> sradner@excololaw.com

Dated: July 11, 2016