# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALONZO BULLMAN; JOEL CASTRO; and
NICOLE MOTYKA;

      Plaintiffs,

-vs-

CITY OF DETROIT; a political Subdivision of the State of Michigan; MATTHEW BRAY (Badge 2545), Individually and in his Official Capacity as Detroit Police Officer; IAN SEVERY (Badge S 23), Individually and in his Official Capacity as Detroit Police Officer; CHERYL MUHAMMAD, (Badge 4050), Individually and in her Official Capacity as Detroit Police Officer; SAMUEL GALLOWAY, (Badge 4184), Individually and in his Official Capacity as Detroit Police Officer; NICO HURD (Badge 4121), Individually and in his Official Capacity as Detroit Police Officer; JOHNNY FOX (Badge 2563), Individually and in his Official Capacity as Detroit Police Officer; ALANNA MITCHELL (Badge 2586), Individually and in his Official Capacity as Detroit Police Officer; John Doe, Individually and in his Official Capacity as Detroit Police Officer; Jointly and Severally,

Case No. 16-cv-12581

Hon. Arthur J. Tarnow

_____/

| | |
|---|---|
| EXCOLO LAW, PLLC<br>Solomon M. Radner (P73653)<br>Attorney for Plaintiffs<br>26700 Lahser Rd., Ste. 401<br>Southfield, MI 48033<br>(248) 291-9712<br>sradner@excololaw.com | DETROIT LAW DEPARTMENT<br>Gregory B. Paddison (P75963)<br>Attorney for Defendants<br>Coleman A. Young Municipal Ctr<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-0435<br>paddisong@detroitmi.gov |

_____/

1

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL

### Background

This is an action against individual officers as well as against the City of Detroit stemming from an unlawful search and seizure that included the unnecessary and cold-hearted murder of Plaintiffs' pets. This is one of a number of problems in the City of Detroit surrounding the lack of training and oversight provided to officers which allows and in fact encourages officers to regularly violate people's Constitutional rights.

Defendants moved for the dismissal of Plaintiff's Complaint, which the Court denied in part and granted in part. For purposes of this Response, it is only necessary to mention that at this juncture, *Monell* claims against the City as well as claims against individual officers still exist.

**Defendants' Motion was only filed to gain leverage over Plaintiffs' Motion, being filed contemporaneously with this Response. Defendants were made aware of Plaintiffs' intent on filing a Motion, so they beat Plaintiffs to the punch so to speak to attempt to gain an upper hand.**

Obviously the relief sought by Defendants in their Motion is reasonable to the extent they seek Responses to their discovery requests; in fact they will be provided within 48 hours of this Response being filed. The delay was due simply to one of the plaintiffs' delay in responding to Plaintiffs' counsel until February 13, 2017, and Plaintiffs figured it would make more sense to send ALL responses at the same time. Bottom line: This Motion was unnecessary.

However, Defendants were fully aware that their responses to Plaintiff's discovery requests were wholly inadequate and in no way in conformity with the Court Rules, and they knew that we would be seeking an Order compelling discovery from them and in all likelihood extending the Scheduling Order due entirely to their inadequate and improper responses. Knowing this, Defendants made a calculated strategic decision to file their Motion first and seek an extension "due to Plaintiff's violations" in an attempt to blind the Court from what is really happening here. Plaintiff's Motion to Compel, being filed contemporaneously with this Response, will more fully address those issues.

For purposes of this Response, the Court need only know that this Motion was unnecessary and that the extension being sought is only being sought by Defendants in an attempt to appear to be in front of the Court with clean hands. Plaintiffs hope that the Court sees through Defendants' gamesmanship and enters only an appropriate Order.

Respectfully submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Attorney for Plaintiffs
26700 Lahser Rd., Suite 401
Southfield, MI  48033
Dated: February 14, 2017                 (248) 291-9712

## CERTIFICATE OF SERVICE

I Solomon M. Radner hereby states that on the **14th day of February, 2017**, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of document was served on all counsel of record through the ECF system.

>*/s/ Solomon M. Radner*
>Solomon M. Radner (P73653)