UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALONZO BULLMAN, ET AL., | Case No. 16-12581 |
| Plaintiffs, | |
| | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| CITY OF DETROIT, ET AL., | U.S. MAGISTRATE JUDGE |
| | ELIZABETH A. STAFFORD |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR LEAVE FOR PLAINTIFFS TO SERVE A SUBPOENA AFTER THE CLOSE OF DISCOVERY [77]**

Plaintiffs Alonzo Bullman, Joel Castro, and Nicole Motyka brought this civil rights action under 42 U.S.C. § 1983 against the City of Detroit and several Detroit police officers. Following this Court's ruling on Summary Judgment and a subsequent ruling by the United States Court of Appeals for the Sixth Circuit, only two defendants remain: Officer Matthew Bray and Officer Nico Hurd. Plaintiffs have since learned from media reports and official statements that several officers of the Detroit Police Department's formerly named narcotics unit have been disciplined for dishonesty and malfeasance. As discussed at the February 19, 2020 conference, plaintiffs will not be permitted to bootstrap their allegations to these investigations, but they will be permitted to determine if Bray or Hurd were found

to have been dishonest by these investigations, as the two officers' credibility will be at issue during the trial.

## STANDARDS OF REVIEW

This motion implicates both the discoverability of the requested information and the acceptability of such discovery after the close of discovery.

As to the scope of discovery, Rule 26 provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

As to timeliness, a scheduling order may be modified "only for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). The Court therefore analyzes whether the information Plaintiffs seek falls within the scope of discovery, and, if it does, whether there is good cause for suspending the scheduling order.

## ANALYSIS

Plaintiffs want to learn if either of the two defendants in this case were among those who were found to have submitted false affidavits to prosecutors.

Defendants argue that the Detroit Police Department's investigation is sensitive and ongoing and that the conduct discussed is not sufficiently serious to warrant impeachment or admissibility. Both of these arguments will be considered in turn.

First, Defendants may be correct that the tentative findings of an ongoing investigation are not the proper subject of a public trial. The admissibility of the allegations against the officers, if there are any, can be addressed in a motion in limine, however. Whether the investigation at all impugned either of the officers remains to be seen. Only if it has, will the Court then analyze the admissibility of those reports. In the meantime, Defendants' production of discovery related to unproven or confidential charges against the officers will be subject to a protective order. If filed, any information arising therefrom should be filed by seal, except by stipulation by Defendants.

Defendants also argue that the discovery request is barred by the "self-critical analysis privilege." This privilege, though occasionally used by district courts, has never been adopted by the Sixth Circuit. *See Hickman v. Whirlpool*, 186 F.R.D. 362 (N.D. Ohio May 12, 1999). Nor have district courts fully embraced the judicially-created privilege—which traces its origins to *Bredice v. Doctors Hosp. Inc.*, 50 F.R.D. 249 (D.D.C. 1970)—and which has been called into doubt or circumscribed on several occasions. *See Allen v. Cuyahoga County*, 2014 WL

434558 * 5 (N.D. Ohio Feb. 4, 2014); *U.S. ex rel. Sanders v. Allison Engine Co., Inc.*, 196 F.R.D. 310, 314 (S.D. Ohio Aug. 18, 2000) (collecting cases).

The Supreme Court has made clear that privileges are "exceptions…not lightly created nor expansively construed, for they are in derogation of the search for truth." *United States v. Nixon*, 418 U.S. 683, 710 (1974). The Court declines to dramatically expand a dubious privilege designed to protect the integrity of medical peer review, in order to seal off police internal investigations.

Second, Defendants argue that Plaintiffs have not made a sufficient showing of exactly how the requested information will help them. They observe that some of the alleged misfeasance by police officers is as trivial of understating their lunch breaks. As of now, however, neither the Court nor the parties know what information is available, and questions as to its evidentiary utility are better considered as evidentiary questions reserved for trial or motions in limine.

The question of whether either defendant was among those found to have lied in the course of their duties is relevant to the factual disputes in this case. Because these investigations have only recently become public, there is good cause to modify the scheduling order to allow the parties to conduct this limited inquiry.

## Conclusion

Accordingly,

Plaintiffs' Emergency Motion for Order Granting Leave for Plaintiffs to Serve a Subpoena after the Close of Discovery [77] is **GRANTED**. Documents discovered shall not be disseminated except among the attorneys and their staff.

**SO ORDERED**.

Dated: February 25, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge